VAUGHAN & ASSOCIATES
CRIS C. VAUGHAN (SBN 99568)
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: (916) 660-9401
Facsimile:   (916) 660-9378

Attorneys for Plaintiffs
JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ULTIMATE ELECTRIC, INC., a California Corporation; JAMES STEPHENSON; and BARBARA ZIEGLER,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **Failure to Pay Overtime (29 U.S.C. §201 et seq.);**<br>2. **Failure to Pay Overtime (California Labor Code §510-1194);**<br>3. **Failure to Pay Wages Owed (Wage Order 16-2001);**<br>4. **Failure to Pay Wages Owed at Time of Termination (California Labor Code §201-203)**<br>5. **Wrongful Collection or Receipt by Ultimate of Wages Paid to Employees as a Condition of Employment;**<br>6. **Failure to Pay Prevailing Wages and Prevailing Wage Benefits on Prevailing Wage Jobs;**<br>7. **Unfair Business Practices (California Business and Professions Code §17200, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs, JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY.

## JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 et seq. and 28 U.S.C. §§1331, 1337. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case and/or controversy between Plaintiffs and Defendants.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because Defendants reside, have their principal place of business within Placer County and a substantial part of the events or omissions giving rise to the claims occurred in Sacramento and Placer Counties.

## PARTIES

3. Plaintiffs JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY, (hereafter sometimes referred to collectively as "Plaintiffs") are former employees of Defendant, ULTIMATE ELECTRIC, INC., (hereafter "ULTIMATE").

4. Plaintiffs are informed, believe and thereon allege that Defendant, ULTIMATE is, and at all times mentioned herein was, a California corporation with its principal place of business in Placer County, State of California.

5. Plaintiffs are informed, believe and thereon allege that Defendants JAMES STEPHENSON (hereafter "STEPHENSON") and his wife, BARBARA ZIEGLER (hereafter "ZIEGLER") or (collectively referred to as "the individual defendants") are, and were, at all relevant times the only officers, directors and shareholders of ULTIMATE.

**FACTUAL ALLEGATIONS**

6. Plaintiffs are informed, believe and thereon allege that both STEPHENSON and ZIEGLER, not only possessed the total and complete ownership interest in ULTIMATE but were also both involved in the day-to-day operation and had, at all relevant times, operational control of ULTIMATE's business and payroll practices. In doing the things alleged herein, STEPHENSON and ZIEGLER were acting in the interest of ULTIMATE in dealing with Plaintiffs as employees and their compensation and that both STEPHENSON and ZIEGLER, individually and jointly, exercised control of the nature and structure of the employment relationship between ULTIMATE and each Plaintiff employee.

7. Plaintiffs are informed, believe and thereon allege that there exists, and at all times herein mentioned, there existed a unity of interest and ownership between Defendants STEPHENSON and ZIEGLER and Defendant ULTIMATE such that any individuality and separateness between Defendants STEPHENSON, ZIEGLER, and ULTIMATE had ceased, and Defendant ULTIMATE is the mere alter ego of the individual Defendants.

8. Plaintiffs are informed, believe and thereon allege that ULTIMATE was a mere shell and sham without sufficient capital, assets, stock or stockholders. Defendant ULTIMATE was conceived, intended and used by the individual Defendants as a device to avoid individual liability for the purposes of substituting a financially insolvent

corporation in the place of the individual Defendants. Moreover, Defendant ULTIMATE is and at all times herein mentioned was, so inadequately capitalized that compared with business to be done by Defendant ULTIMATE and the risk of loss, its capitalization was illusory.

9. Plaintiffs are informed, believe and thereon allege that the individual Defendants used assets of the corporation for their personal use, caused assets of the corporation to be transferred to them individually without adequate capitalization, and withdrew funds from the corporation's bank accounts for their own personal use.

10. Plaintiffs are informed, believe and thereon allege that ULTIMATE was a mere shell, instrumentality, and conduit through which the individual Defendants carried on their electrical contracting business in the corporate name, exercising complete control and dominance of such business to such an extent that any individuality or separateness of ULTIMATE and the individual Defendants does not, and at all times mentioned herein did not, exist.

11. Plaintiffs are informed, believe and thereon allege that ULTIMATE was controlled, dominated, and operated by the individual Defendants as their individual business and alter ego in that the activities and business of ULTIMATE were carried out without the holding of formal director(s) or shareholder(s) meetings, no records of any minutes or corporate proceedings were maintained, and the individual Defendants entered into personal transactions with the corporation without the approval of its director(s) and shareholder(s).

12. The use of ULTIMATE as a shell instrumentality and conduit was done with the intent to keep the corporation and individual Defendants from legal and financial responsibility for their actions and Defendant STEPHENSON repeatedly confirmed this activity and strategy with statements to the effect of "if the business ever

1  gets sued or if I ever get sued, I'll simply close the business and start a new corporation
2  and no one will get anything."

3        13.    At all times during the four years preceding the filing of this Complaint,
4  Defendants have been an "enterprise engaged in commerce" for the purposes of the
5  FLSA.  Plaintiffs are informed and believe and on that basis allege that Defendants have
6  annual revenue of more than five hundred thousand dollars ($500,000.00).

7        14.    Plaintiffs are informed and believe and on that basis allege that in the four
8  years preceding the filing of this Complaint, Defendants employed numerous
9  employees including the Plaintiffs who were engaged in activities constituting
10 "interstate commerce" under the FLSA, including installation of electrical wiring,
11 electrical service systems, fixtures, switches, and supplied all other goods and services
12 necessary for the installation of electrical service in numerous private and public works
13 prevailing wage jobs throughout the State of California and at all times relevant in the
14 four years preceding the filing of this Complaint, were, and are, an enterprise subject to
15 the jurisdiction of FLSA.

16       15.    During the four years preceding this action, Plaintiffs are informed and
17 believe, and thereon allege that Defendants willfully and maliciously failed to pay
18 Plaintiffs wages and overtime wages when due.

19       16.    Plaintiffs are informed and believe, and thereon allege that Plaintiffs
20 regularly worked more than eight (8) hours in a day and more than forty (40) hours in a
21 week for which Defendants did not always pay them their wages for all hours worked
22 and did not pay them at an overtime rate of pay.

23       17.    Plaintiffs are informed and believe, and thereon allege that Defendants
24 also failed to pay Plaintiffs for travel time when Plaintiffs would start the work day by
25 either loading materials, supplies, equipment and tools into vehicle(s) provided by

ULTIMATE and/or meet as instructed at a pick-up point to travel to a jobsite. Plaintiffs were not paid their regular hourly rate or overtime for such travel, which caused them to work more than eight (8) hours in a day or forty (40) hours in a week. Defendants also failed to pay Plaintiffs for travel time between jobs on the same work day.

18. On prevailing wage jobs on which Plaintiffs worked as employees of Defendants, Defendants agreed to pay prevailing wages and benefits but failed to pay Plaintiffs for their correct classification of labor and on more than one occasion, prevailing wages and benefits were not paid at all to Plaintiffs.

19. On at least one prevailing wage job, Plaintiffs were required to repay a portion of the wage earned and received by them to ULTIMATE.

20. At the time each individual Plaintiff ceased employment with ULTIMATE, the individual Plaintiff did not receive a final paycheck which included all wages earned while employed by ULTIMATE.

21. Plaintiffs are informed and believe, and thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### FIRST CAUSE OF ACTION

### Failure to Pay Overtime – All Plaintiffs

### (Breach of Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*)

22. Plaintiffs hereby re-allege and incorporate herein by reference paragraphs 1 through 21 as though fully set forth herein.

23. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week.

24.     Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

25.     At all relevant times, Defendants, and each of them, had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees, including Plaintiffs, for their hours worked in excess of forty hours per work week.

26.     As a result of Defendants', and each of them's, willful failure to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, the Defendants, and each of them, have violated, and continue to violate, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

27.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

28.     As a result of Defendants', and each of them's, failure to report, record, credit, and/or compensate Plaintiffs, the Defendants, and each of them, have failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the Fair Labor Standards Act, 29 U.S.C.§201 *et seq.*, including 29 U.S.C. §§211(c) and 255(a).

29.     Due to Defendants', and each of them's, FLSA violations, Plaintiffs are entitled to recover from Defendants, and each of them, their unpaid wages and overtime compensation, an additional equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C.§216(b), additional liquidated damages for unreasonably delayed payment of wages, and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C.§216(b).

## SECOND CAUSE OF ACTION

## Failure to Pay Overtime - All Plaintiffs

## (Breach of California Labor Code §510-1194)

30. Plaintiffs hereby re-allege and incorporate herein by reference paragraphs 1 through 21 as though fully set forth herein.

31. California Labor Code §1194 allows that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the overtime compensation owed.

32. Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to Labor Code §1194 and §1194.2, all unpaid overtime compensation. In addition, Plaintiffs are entitled to recover an award of reasonable attorney's fees and costs of the action from Defendants, and each of them, as well as penalties as provided by law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

## Failure to Pay Wages Owed in Violation of Labor Code – All Plaintiffs

## (Wage Order 16-2001)

33. Plaintiffs hereby incorporate by reference to paragraphs 1 through 21, inclusive, in this complaint as fully set forth herein.

34. An employer is required to pay employees for "hours worked." Industrial Welfare Commission wage order 16-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." During and after the time Plaintiffs were loading equipment and supplies into the company

vehicle or rode in the company vehicle or their own vehicles to and from and between the various jobsites.  Plaintiffs were subject to the control of Defendants, and each of them.  During and after the time that Plaintiffs first were loading equipment and supplies and driving, they were engaged in hours of work.

35.  Plaintiffs were not compensated at the rate of at least minimum wage while engaging in work hours in addition to the hours worked at the jobsite.  Plaintiffs' work at loading supplies and equipment and in driving to and from the various jobsites would all have been hours worked over an eight hour work day entitled Plaintiffs to compensation at an overtime rate of pay.

36.  Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to California Labor Code, all unpaid compensation and an additional amount of liquidated damages in addition to a statutory penalty for each pay period in which Plaintiffs were not paid wages earned.  In addition, Plaintiffs are entitled to recover an award for reasonable attorney's fees and costs to be paid by Defendants, and each of them.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**Failure to Pay Wages Owed at the Time of Termination – All Plaintiffs**

**(Breach of Labor Code §§201, 202 and 203)**

37.  Plaintiffs hereby incorporate by reference to paragraphs 1 through 21, inclusive, in this complaint as fully set forth herein.

38.  Defendants, and each of them, has failed to pay Plaintiffs the compensation owed based on the overtime hours worked and further have failed to pay Plaintiffs compensation for driving hours to and from the jobsites transporting other

1  employees of Defendants, and each of them, during the course of their employment.
2  Defendants, and each of them, knew that the compensation was owed, and refused and
3  continues to refuse, to compensate Plaintiffs for services rendered to Defendants, and
4  each of them.

5      39.    Plaintiffs are entitled to recover from Defendants, and each of them,
6  pursuant to California Labor Code §203, all unpaid compensation and an additional
7  amount as a waiting time penalty, in addition, Plaintiffs are entitled to recover an award
8  of reasonable attorney's fees and costs to be paid by Defendants, and each of them.

9      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as
10 hereinafter set forth.

## FIFTH CAUSE OF ACTION

**Wrongful Collection or Receipt of Wages Paid to Employees – All Plaintiffs**

13     40.    Plaintiffs hereby incorporate by reference to paragraphs 1 through 21,
14 inclusive, in this complaint as fully set forth herein.

15     41.    California Labor Code prohibits an employer from collecting or receiving
16 from an employee any part of wages paid by the employer to the employee.

17     42.    Rather than comply with this provision, Defendants, and each of them,
18 unlawfully collected and received back from employees wages paid to the employees by
19 Defendants, and each of them.

20     43.    Plaintiffs understood that to receive prevailing wages and prevailing wage
21 job benefits that they were required to give back to Defendants, and each of them, a
22 portion of the wages paid by Defendants, and each of them, to the Plaintiffs.

23     44.    The conduct of Defendants, and each of them, as herein alleged was
24 willful, malicious, oppressive and was despicable in that it was intended by Defendants,
25 and each of them, to cause injury to Plaintiffs and was carried on by Defendants, and

each of them, with a willful and intentional disregard of Plaintiffs' rights. The conduct subjected Plaintiffs to cruel and unusual hardship in disregard to Plaintiffs' rights and such conduct entitled Plaintiffs to an award of punitive damages.

45. In addition, Plaintiffs are entitled to recover an award of reasonable attorney's fees and costs to be paid by Defendants, and each of them.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### Failure to Pay Prevailing Wages and Prevailing Wage Benefits on Prevailing Wage Jobs – All Plaintiffs

46. Plaintiffs hereby incorporate by reference to paragraphs 1 through 21, inclusive, in this complaint as fully set forth herein.

47. Defendants, and each of them, were a contractor and/or subcontractor on prevailing wage jobs on which each of the Plaintiffs worked.

48. Rather than pay prevailing wage rate and prevailing wage job benefits as required under its contract, Defendants, and each of them, refused and failed to pay prevailing wage to Plaintiffs but instead paid them a lesser wage and provided lesser benefits than required by the prevailing wage job requirements for each individual prevailing wage job.

49. Under California law, Plaintiffs are entitled to receive prevailing wage rates and prevailing wage job benefits for all prevailing wage jobs on which they worked while an employee of Defendants, and each of them.

50. The conduct of Defendants, and each of them, as herein alleged was willful, malicious, oppressive and was despicable in that it was intended by Defendants, and each of them, to cause injury to Plaintiffs and was carried on by Defendants, and each of them, with a willful and intentional disregard of the rights of Plaintiffs. The

conduct subjected Plaintiffs to cruel and unusual hardship and disregard of their rights and such conduct entitles Plaintiffs to an award of punitive damages.

51.   In addition, Plaintiffs are entitled to recover an award of reasonable attorney's fees and costs to be paid by Defendants, and each of them.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Violation of California Business and Professions Code §17200)

52.   Plaintiffs hereby incorporate by reference to paragraphs 1 through 51, inclusive, in this complaint as fully set forth herein.

53.   The failure to pay wages when earned and the failure to pay overtime wages as alleged above, constitutes an unlawful, unfair or fraudulent business act or practice and, as such, is prohibited by California Business and Professions Code §17200, et seq.

54.   Plaintiffs are entitled to have all amounts wrongfully deducted and all failure to pay wages and overtime compensation, along with interest thereon from the date owed to the date paid, restored to Plaintiffs.  Although not presently ascertained, Plaintiffs are informed and believe the amount owed is in excess of $10,000.00 for each Plaintiff.

WHEREFORE, Plaintiffs pray for judgment against Defendant, and each of them, as follows:

1.   For compensatory damages in an amount to be proven at trial.

2.   For special damages in an amount to be proven at trial.

3.   For general damages in an amount to be proven at trial.

1     4.    For interest on Plaintiffs' compensatory damages at the maximum rate allowed by law.

2     5.    For reasonable attorney's fees and costs.

3     6.    For punitive damages.

4     7.    For a jury trial.

5     8.    For such other and further relief as this court deems just and proper.

Dated:  September 23, 2011        VAUGHAN & ASSOCIATES

By:   /s/  Cris C. Vaughan_____
CRIS C. VAUGHAN
Attorney for Plaintiffs,
JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY