UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN MEANS, DAVID CALUYA, EDWARD CASILLAS, ADRIAN NAVARRO, TIMOTHY PADILLA, PETER PROKOPCHUK, ALAN RODRIGUEZ, and BRADY SIVONGXAY,

Plaintiffs,

v.

ULTIMATE ELECTRIC, INC, a California Corporation, JAMES STEPHENSON, and BARBARA ZIEGLER,

Defendants.

_____________________________/

NO. CIV. 2:11-2538 WBS EFB

MEMORANDUM AND ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY THE ACTION

----oo0oo----

Plaintiffs John Means, David Caluya, Edward Casillas, Adrian Navarro, Timothy Padilla, Peter Prokopchuk, Alan Rodriguez, and Brady Sivongxay brought this action against defendants Ultimate Electric, Inc., James Stephenson, and Barbara Ziegler arising out of defendants’ alleged wage and hour violations during plaintiffs’ employment. Presently before the court is defendants’ motion to compel arbitration and stay the

action pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4.

In 2007, defendants employed plaintiffs to perform electrical work. (Compl. ¶ 14:7-15 (Docket No. 1).) On September 27, 2011, plaintiffs filed a complaint in federal court alleging seven causes of action for defendants' alleged wage and hour violations. Defendants' motion to compel arbitration is limited to five of the eight named plaintiffs ("signatory plaintiffs") -- Means, Caluya, Casillas, Padilla, and Prokopchuk -- who signed employment agreements with arbitration clauses when they were hired by defendants. The signatory plaintiffs filed a statement of non-opposition to defendants' motion to compel arbitration and stay the present action with respect to their claims. (See Docket No. 11.) A statement of non-opposition is filed by "[a] responding party who has no opposition to the granting of the motion." Local R. 230(c).

"The FAA leaves no place for the exercise of discretion by a district court, but instead mandates that the district court shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). Under 9 U.S.C. § 4, upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (9th Cir. 1988), overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931 (9th Cir. 2001).

In this case there is a valid arbitration agreement

between the signatory plaintiffs and defendants, the agreement covers the disputes at issue, and the signatory plaintiffs have thus far failed to comply with the arbitration agreement. (De Burgh Aff. ¶¶ 12-14, Ex. A at 12-24 (Docket No. 10-2).) Pursuant to the FAA, the court will grant defendants' motion to compel arbitration and stay the proceedings regarding the signatory plaintiffs' claims.

The issue remaining is whether the court must also stay the proceedings for claims brought by the remaining plaintiffs -- Navarro, Rodriguez, and Sivongxay -- who did not enter into arbitration agreements with defendants. Defendants' motion suggests that they request the court to stay the entire action and not just the claims subject to arbitration. (See Mem. of P. & A. in Supp. of Mot. to Compel Arbitration at 5:14-20 (Docket No. 10) (noting that the court "must stay the action until arbitration is completed").) Defendant does not address the fact that only some of the plaintiffs are parties to the arbitration agreement.

A movant is only entitled to a mandatory stay under the FAA if it is a signatory to the arbitration agreement. See 9 U.S.C. § 3; IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 529 (7th Cir. 1997). Generally, the mandatory stay provision of the FAA does not apply to those who are not contractually bound by a written arbitration agreement. See Adams v. Georgia Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001); AgGrow Oils, LLC v. Nat'l Union, Fire Ins. Co., 242 F.3d 777, 782 (8th Cir. 2001); Zimmerman v. Int'l Cos. & Consulting, Inc., 107 F.3d 344, 346 (5th Cir. 1997). The decision to stay the claims of non-

signatories pending arbitration rests with the discretion of the court. See Powell v. Gulf States, Inc., No. C 04-5185, 2005 WL 757509, at *4 (N.D. Cal. Apr. 4, 2005).

A discretionary stay of claims brought by a non-signatory is proper when: (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has "critical impact" on the arbitration. Waste Mgmt., Inc. v. Residuos Indus. Multiquam, S.A. de C.V., 372 F.3d 339, 343 (5th Cir. 2004). Defendants do not demonstrate that the claims brought by the three non-signatory plaintiffs involve the same operative facts, that the claims are inherently inseparable from the signatory plaintiffs' arbitrable claims, or that the litigation, if not stayed, would have a negative impact on the arbitration.

Absent any of the above factors or exceptional circumstances that may render the arbitration redundant and thwart the federal policy favoring arbitration, a discretionary stay by a non-signatory will not be granted. Adams v. Georgia Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001); Performance Excavators, Inc. v. Arch. Ins. Co., No. CV 07-1791, 2008 WL 298826, at *1 (E.D. Cal. Feb. 1, 2008). The movant bears a heavy burden of showing necessity for a discretionary stay. Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 750 (2d Cir. 1991). Here, defendants have failed to demonstrate how a discretionary stay of this action as to the non-signatory plaintiffs would be of any significant benefit to the court or any of the parties, let alone necessary. Accordingly, the court will deny defendants' motion

to stay the action with respect to the non-signatory plaintiffs.

IT IS THEREFORE ORDERED that defendants' motion to compel arbitration and stay the action be, and the same hereby is, GRANTED with respect to claims by plaintiffs Means, Caluya, Casillas, Padilla, and Prokopchuk, and DENIED with respect to claims by plaintiffs Navarro, Rodriguez, and Sivongxay.

DATED: June 18, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE